JAMES SEXTON #1787503
ROBERTSON UNIT
12071 F.M. 3522
ABILENE, TX. 79601

COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

HONORABLE COURT,

I AM NOT SURE WHAT ACTION TO TAKE AS I AM NOT WELL READ IN THE LAW. I FILED AN APPLICATION FOR WRIT OF HABEAS CORPUS IN THE 39th DISTRICT COURT OF PALO PINTO COUNTY TEXAS ON A SUBSTANTIAL CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO FAILURE TO SEEK SUPPRESSION OF ILLEGALY OBTAINED EVIDENCE. A WARRANTLESS AND CONSENTLESS BLOOD DRAW BASED ON TEXAS TRANSPORTAIN CODE 724.012(b)(3)(B). MANY CASES FOR THIS SAME CLAIM ARE BEING REVERSED. MY APPLICATION WAS DENIED WITHOUT WRITTEN RECORD.

I THINK MY WRIT APPLICATON WAS W.R. 79-966-06 FILED ON CAUSE # 14722, 39TH DISTRICT COURT, PALO PINTO TEXAS. AS ALL OF MY FILES WERE DESTROYED HAVE NO RECORD OF MY OWN.

I HAVE SINCE FILED A MOTION WITH THE 39TH DISTRICT COURT OF PALO PINTO TX FOR THE APPOINTMENT OF COUNSEL TO CREATE A NEW APPLICATION FOR APPL WRIT OF HABEAS CORPUS BASED ON NEWER U.S. SUPREME COURT RULINGS SINCE MY PREVIOUS APPLICATON. THE SUPREME COURT FOUND APPLICATIONS FILED WITHOUT AID OR REPRESENTATON OF AN ATTORNEY MAY RESULT IN INDIGENT TEXAS DEFENDANTS NOT RECEIVING FAIR REVIEW OF THEIR SUBSTATION CLAIMS REGARDIN WRITS OF HABEAS CORPUS.

AS WITH MY ORIGINAL APPLICATION, THE COURT IN PALO PINTO COUNTY, 39TH DISTRICT IS NOT RESPONDING IN PROPER PROCEDURE, LARGELY IGNORING ANY LEGAL ACTION OF THIS DEFENDANT.

AN AFFIDAVIT OBTAINED BY THE PROSECUTER'S OFFICE OF THE 39TH DISTRICT OF PALO PINTO, IRONICLY FROM MY FORMER DEFENSE COUNSEL AKNOWLEDGES THE WARRANTLESS BLOOD DRAW IN ACCORDANCE OF TRANS. CODE. 724.012(b)(3)(B), AND WAS FILED WITH THE COURT OF CRIMINAL APPEALS OF TEXAS, AFTER A WRIT OF MANDAMUS.

BLOOD DRAW, WITHOUT CONSENT HAS BEEN FOUND IN VIOLATION OF FOURTH AMENDMENT PROTECTIONS WITHOUT EXIGENT CIRCUMSTANCES IN MANY CASES SINCE MY ORIGINAL APPLICATION WAS DENIED. MY ORIGINAL CLAIMS HAVE SINCE BEEN PROVEN.

DO I NEED TO CONTINUE WITH THE MOTION FILED WITH PALO PINTO COUNTY 39TH DISTRICT COURT? DO I FILE A NEW APPLICATION WITHOUT REPRESENTATION? CAN MY ORIGINAL APPLICATION BE RE-REVIEWED IN LIGHT OF NEW RULINGS FROM HIGH COURTS? AS THE ORIGINAL APPLICATION WAS DENIED WITHOUT WRITTEN RECORD IS IT CONSIDERED CLOSED FOREVER?

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 10 2015
Abel Acosta, Clerk

MY ATTORNEY OF RECORD FAILED TO SEEK SUPRESSION OF VIDEO THAT WAS SEEN TO HAVE BEEN MANIPULATED TO OBSCURE ROADSIDE SOBRIETY TESTS THAT WENT TO PROBABLE CAUSE FOR ACTION. THE VIDEO OTHERWISE SHOWS THE DEFENDANT QUITE SOBER WITHOUT SIGNS OF INTOXICATION, NEGATING PROBABLE CAUSE FOR ANY ACTION BY THE POLICE OR STATE AND PROMPTING A WARRANTLESS BLOOD DRAW DUE TO THE DEFENDANT REFUSING BREATH OR BLOOD SPECIMENS.

I BELIEVE A COMPITENT, INTERESTED DEFENSE ATTORNEY WOULD HAVE FILED MOTIONS TO SUPPRESS AT THE FIRST OPPORTUNITY TO END THE NEED FOR ANY FURTHER ACTION RATHER THAN OFFERING PLEA DEALS WITHOUT EVEN HAVING VIEWED DISCOVERY OR SEEING HIS CLIENT.

THIS CASE AS IS MANY, MANY OTHERS, A TERRIBLE EXAMPLE OF THE LACK OF EFFECTIVE (APPOINTED USUALLY) COUNSEL AND DISREGARD OF THE MOST BASIC OF REQUIRED PERFORMANCE OF A COUNSEL, ALLEGIDLY FOR DEFENSE.

INEFFECTIVE ASSISTANCE IS A GIVEN IN THIS INSTANCE AND VIOLATION OF FOURTH AMENDMENT CONSTITUTIONAL PROTECTIONS HAS BEEN PROVEN.

I WILL PROCEED WITH A NEW APPLICATION FOR WRIT OF HABEAS CORPUS IF NECESSARY. I DON'T BELIEVE IT WOULD BE ABUSE OF WRIT GIVEN THE RULINGS OF HIGHER U.S. AND TEXAS COURTS AFTER INITIAL APPLICATION FOR WRIT OF HABEAS CORPUS.

I WOULD GREATLY APPRECIATE HELP OF ANY SORT AS TO HOW TO PROCEED. I HAVE BEEN OBJECTING TO THESE ACTIONS BY THE POLICE AND STATE COURT FROM THE TIME I WAS STOPPED BY THE TROOPER THAT IT WAS VIOLATION PROTECTIONS OF U.S. CONSTITUTION, AND IGNORED FROM THEN ON, BY ALL PARTIES INCLUSIVE OF MY ALLEGED, DEFENSE COUNSEL.

P.S. I WAS NOT STOPPED BY THE TROOPER FOR SUSPICION OF INTOXICATED DRIVING BUT SUSPICION OF A DRIVING VIOLATION PHONE COMPLAINT. PASSING IN NO PASSING ZONE. I SAW NO, NO PASSING MARKS.

RESPECTFULLY,

James Safo

# ADDENDA

Exhibit A — Motion Posted 12-17-2014 from Law Library at Robertson

Exhibit B — Copy of letter sent to Court clerk in inquiry and sent back to me.

Exhibit C — Letter in response to Exhibit B.

The affidavit of Phillip Gregory is proof of my desire to supress illegal blood draw, given lack of exigent circumstances. (Filed by the District Court in response to original application for Habeas Corpus.)

Video, showing me driving and using all signals, no weaving or other sign of impaired condition. Also shows me, <u>not</u> stumbling, eyes clear, no slurred speach, questioning the blood draw without consent, no unsteady demeanor at all removes probable cause for blood draw or even suspicion of impaired faculties.

Mr. Gregory lies in his affidavit regarding his delay in meeting me. If required, my sister spoke to him about his not visiting me and will give testimony.

The ~~bat~~ blood test results presented to me by Mr. Gregory, a letterhead with a "blurb" stating alcohol content was .21, I believe was fiction created solely to extract plea of guilty. I told Mr. Gregory there was no way it was an accurate measure. Impossible.

I give my word, on all I hold dear, I am not lying. I felt I faced a hopeless, no win situation, not because of guilt but the lack of meaningful defense and behavior by the court, my "alleged" counsel and disregard for constitutional protections or due process. The term "railroaded" comes to mind.

I told everyone I would be found to have not been intoxicated and was 'shocked' when shown what I now believe was a fiction, a false blood test result, that was not even a true test result, a laboratory printout but a piece of paper with only a piece of a sentence.

My attorney refused to object, or attempt to suppress any of this.

The very first step of an interested defense would have been an attack on these.

James Suffin

CAUSE NO. 14722-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 29TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| JAMES AUDIE SEXTON | § | PALO PINTO COUNTY, TEXAS |

## DEFENDANT'S FIRST MOTION FOR APPOINTMENT OF COUNSEL FOR HABEAS CORPUS, UNDER TEXAS FAIR DEFENSE ACT, ARTICLE 1.051 V.A.C.C.P.

TO THE HONORABLE COURT AND JUDGE THEREOF:

COMES NOW, James Audie Sexton, Defendant in the above-entitled and numbered cause, proceeding pro se and pursuant to the Texas Fair Defense Act, codified at Article 1.051, Texas Code of Criminal Procedure, and Section 24.016, Texas Government Code, and asks the District Court to appoint him counsel for the specific purpose of raising his substantial claim of ineffective assistance of trial counsel in an application for writ of habeas corpus relief pursuant to Article 11.07, Texas Code of Criminal Procedure. In support of this Motion to the Court, Defendant would show the following:

I.

PROCEDURAL HISTORY

Pursuant to a plea bargain agreement, Defendant was convicted and sentenced to 12 years confinement in the Texas Department of Criminal Justice. Direct appeal was waived as per the terms of the plea agreement. Thereafter, proceeding pro se due to his status as an indigent prisoner, Defendant sought post-conviction habeas review of the judgement of conviction and sentence challenging that his plea of guilty was entered based on trial counsel's ineffective assistance and was thus involuntary or otherwise invalid. To the Defendant's knowledge, the District Court did not designate any issues of fact to be resolved, did not order an evidentiary hearing be conducted and did not enter any findings of fact or recommendation pertaining to disposition of the application. Defendant received notice of the District Court's order for the clerk to forward the application and record to the Court of Criminal Appeals, and thereafter received notice from the Court of Criminal Appeals of its receipt and filing of the application (Ex parte Sexton, Appl. No. WR-79,966-06). On February 12, 2014 the Court of Criminal Appeals denied the application without written order.

## II.

## AUTHORITY

The honorable District Court is authorized by Article 1.051(d)(3), Code of Criminal Procedure, to appoint an attorney to represent the Defendant in this matter if he is indigent and the Court concludes the interests of justice require representation. TEX. CODE CRIM. PROC. ANN., art. 1.051(d)(3) (Vernon 2014). See Beard v. State, 243 S.W.3d 783, 786 & n.3 (Tex.App. - Amarillo 2007).

Section 24.016, Government Code, also authorizes the District Court to appoint counsel to represent an indigent civil litigant in exceptional cases in which the public and private interests at stake are such that the administration of justice may be best served by the appointment. TEX. GOV'T CODE ANN., sec. 24.016 (Vernon 2014). See Traveler's Indem. Co. v. Mayfield, 923 S.W.2d 590, 593 (TEX. 1996); Spigener v. Wallis, 80 S.W.3d 174, 183 (Tex.App. - Waco 2002); see also Tolbert v. Gibson, 67 S.W.3d 368, 372 (Tex.App. - Waco 2001) (incarceration of indigent litigant "primary exceptional factor" warranting appointment of counsel due to fact that incarceration creates significant limitation upon litigant's ability to conduct adequate investigation and obtain evidence supporting his claim); and see Ex parte Rieck, 144 S.W.3d 510, 515-16 (Tex.Crim.App. 2004) (habeas corpus proceedings, including those seeking relief from confinement in criminal justice system, generally considered to be of a civil nature).

Recent decisions by the United States Supreme Court indicate that the interests of justice warrant the appointment of counsel in this case by the District Court for the purpose of representing the Defendant in meaningfully seeking collateral review and adjudication on the merits of his substantial claim of ineffective assistance of trial counsel.

In Martinez v. Ryan, 566 U.S. 1 (2012), the Supreme Court held that a "procedural bar" by default would not prevent a federal court from hearing a substantial claim of ineffective assistance of trial counsel if, in the State's initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. The Court explained that, because initial-review in a collateral proceeding of a prisoner's ineffective assistance

2

of trial counsel claim is in many ways the equivalent of his direct appeal as to that claim, if the State does not appoint an attorney to assist the indigent prisoner in the initial-review collateral proceeding, he is denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claim, similar to instances in which no attorney is appointed to pursue the direct appeal or in which the attorney appointed to pursue the direct appeal is ineffective.

Subsequent to the Martinez decision, the Supreme Court decided a Texas case similar to that of Martinez with the same results. See Trevino v. Thaler, 569 U.S. 1911 (2013). In Trevino, the Supreme Court concluded that where, as in Texas, the state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, the Court's holding in Martinez applies. See also Ibarra v. Stephens, 723 F.3d 599 (5th Cir. 2013).

Additionally, in the wake of Martinez and Trevino, the United States Department of Justice has adopted a policy change discontinuing the practice of enforcing any waiver of a defendant's right to seek appellate review of a substantial claim of ineffective assistance of counsel when the defendant has entered a plea of guilty, including those cases in which the guilty plea is entered in exchange for a punishment recommendation by the prosecutor. Such policy change is in accord with the function of Martinez and Trevino to ensure that judgements curtailing the rights and liberty of defendants charged with committing crimes have been entered in accord with those persons' fundamentally important rights to effective representation of counsel and due process.

### III.
### SUBSTANTIAL CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL EXTANT IN THIS CASE

A substantial claim of ineffective assistance of trial counsel exists in this case, in that Defendant's decision to plead guilty rather than go to trial was made under duress stemming from the following errors/omissions by trial counsel:

3

- neither obtained dicovery packet nor interviewed Defendant until day Defendant was scheduled to appear in court post-arraignment (approximately 5 months had elapsed since trial counsel assumed responsibility for the defense);

- failed to mount pretrial challenge to arresting officer's probable cause providing basis for Defendant's arrest and subsequent blood-draw - police video showed the Defendant appearing quite sober and in control of his faculties, and showed that arresting officer conspicuously took Defendant off-camera to conduct field sobriety test which allegedly provided probable cause;

- failed to challenge or verify, through independent testing authorized by statute, accuracy and validity of blood-alcohol test results allegedly showing Defendant having had legally impermissible blood-alcohol level, given presence of police video showing Defendant appearing sober and well in control of his faculties and given fact that document purportedly asserting the Defendant's blood-alcohol concentration level at time of arrest to be .21 was not an official lab-generated analysis report, but rather, merely a one-sentence letter composed on a letterhead;

- failure to mount a pretrial Fourth Amendment challenge to the warrantless seizure of the Defendant's blood specimen in absence of his express consent;

- advising Defendant that challenge to probable cause or evidence against him could only be made at trial thus requiring Defendant to go to trial in order to make any challenge to the evidence and arrest;

- complete failure to discuss with Defendant any type of trial strategy opposing the prosecution's case other than advising Defendant that he had two alternatives: "accept a plea bargain or go to trial"; and

- upon the Defendant informing trial counsel during in-court appearance that he wanted to go to trial rather than accept proffered plea bargain, trial counsel advised Defendant that if he did not accept plea bargain offer but instead elected to go to trial, he would be facing minimum punishment range of 25 years confinement if convicted.

## IV.

### DEFENDANT NOT PROVIDED MEANINGFUL OPPORTUNITY TO RAISE SUBSTANTIAL CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's challenge to the validity of his Palo Pinto County conviction and sentence, in his initial postconviction collateral proceeding challenging the instant conviction falls squarely within the Supreme Court's decisions in Martinez and Trevino. Defendant did not have any assistance from a licensed and skilled attorney to flush out the facts at an evidentiary hearing or to develop the habeas record with evidence found outside the record before

4

the Court ordered the clerk to certify the record and forward it to the Court of Criminal Appeals. The District Court and Court of Criminal Appeals' perfunctory handling and disposition denying the initial application evidences the Defendant's pro se misapprehension of substantive habeas corpus law and failure to comply with state procedural requisites in attmepting to seek meaningful review of the judgement - errors which an experienced and skilled attorney would not have made.

## V.
## DEFENDANT IS INDIGENT

Defendant continues to be indigent and unable to retain the services of a licensed attorney to represent him in pursuit of appellate review of his claim of ineffective assistance of trial counsel (see attached Declaration of Inability to Pay Costs and supporting Inmate Trust Fund printout).

## VI.
## ABUSE OF WRIT

For the reasons set forth in Martinez and Trevino, supra, the "significant unfairness" of the Court of Criminal Appeals' denial of Defendant's claim of ineffective assistance of trial counsel, raised in the initial-review collateral proceeding without the aid of a skilled attorney due to his status as an indigent prisoner, should not serve as a reliably valid "disposition on the merits" such that presentment of that fundamentally important claim in a subsequent application for writ of habeas corpus with the aid of appointed counsel would be barred by section 4 of Article 11.07, Code of Criminal Procedure.

## VII.
## GUIDANCE OF OUR FOREFATHERS

Defendant respectfully expresses his earnest desire for the District Court to remain mindful that the paramount focus in this particular judicial matter "is not the [Defendant's] innocence or guilt, but solely whether [his] constitutional rights have been preserved." Accord Moore v. Dempsey, 261 U.S.

86, 87-88 (1923); see also <u>Irvin v. Dowd</u>, 366 U.S. 717, 722 (1961) (habeas corpus relief available to redress due process violations "regardless of the heinousness of the crime ... [and] the apparent guilt of the offender"); <u>Ex parte Milligan</u>, 71 U.S. (4 Wall.) 2, 118-19 (1866) ("[I]t is the birthright of every American citizen when charged with a crime, to be tried and punished according to the law. The power of punishment is alone through the means which the laws have provided for that purpose, and if they are ineffectual, there is an immunity from punishment, no matter how great an offender an individual may be, or how much his crimes may have shocked the sense of justice of the country, or endangered its safety. By the protection of the law, human rights are secured; withdraw that protection, and they are at the mercy of wicked rulers, or the clamors of an excited people.").

## VIII.
### CONCLUSION

For the foregoing reasons, the District Court should appoint counsel for the specific purpose of investigating Defendant's claim of ineffective assistance of trial counsel, developing the record as necessary, and preparing that claim in a form adequate to ensure meaningful appellate review of that claim on the merits.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays the honorable District Court grant this Motion and order the relief requested. Defendant prays for general relief.

Respectfully submitted,

James Audie Sexton
TDCJ No. 1787503
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Defendant/Movant, pro se

6

## INMATE'S DECLARATION

I James Audie Sexton, TDCJ No. 1787503, being presently incarcerated at the French M. Robertson Unit of the Texas Department of Criminal Justice-Correctional Institutions Division, located in Jones County, Texas, hereby declare under penalty of perjury that the foregoing statements of fact are true and correct.

EXECUTED on this the 17th day of December, 2014.

_____
James Audie Sexton


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing DEFEND-ANT'S FIRST MOTION FOR APPOINTMENT OF COUNSEL FOR HABEAS CORPUS has been duly served on the opposing party to this case via U.S. Mail, first-class postage prepaid, addressed to:

_____
James Audie Sexton

CAUSE NO. 14722-A

| THE STATE OF TEXAS | § | IN THE 29TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| JAMES AUDIE SEXTON | § | PALO PINTO COUNTY, TEXAS |

## DECLARATION OF INABILITY TO PAY COSTS

The following declaration is made pursuant to the Texas Rules of Civil Procedure and Title 6, Chapter 132 of the Texas Civil Practice & Remedies Code.

Now respectfully comes James Audie Sexton, TDCJ #1787503, and declares that I am unable to pay the court costs in this criminal action and requests leave of the Court to proceed in forma pauperis in this criminal action and would show the court the following:

(1) I am presently incarcerated at the French M. Robertson Unit of the Texas Department of Criminal Justice where I am not permitted to earn or handle money.

(2) I have no source of income or spousal income.

(3) I currently have $ 30.00 credited to me in the Inmate Trust Fund.

(4) During my incarceration in the Texas Department of Criminal Justice I have received approximately $ 30.00 per month as gifts from relatives and friends.

(5) I neither own nor have an interest in any realty, stocks, bonds, or bank account, and I received no interest or divided income from any source.

(6) I have 0 dependants.

(7) I have total debts of approximately $ 8000 .

(8) I owe $ 0 as restitution.

(9) My monthly expenses are approximately $ 30.00

Being presently incarcerated in the French M. Robertson Unit of the Texas Department of Criminal Justice, located in Jones County, Texas, I verify and declare under penalty of perjury that the foregoing statements of fact are true and correct.

Executed on this the 17th day of December, 2014.

_James Sexton_
James Audie Sexton
TDCJ No. 1787503

## CAUSE NO. 14722

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 29TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| JAMES AUDIE SEXTON | § | PALO PINTO COUNTY, TEXAS |

### REQUEST FOR JUDICIAL NOTICE

TO THE HONORABLE COURT AND JUDGE THEREOF:

COMES NOW, James Audie Sexton, Defendant in the above-styled and numbered cause and, in support of his First Motion for Appointment of Habeas Counsel, respectfully requests the honorable District Court to take Judicial Notice of all records on file with the pertinent district clerks pertaining to the following criminal and habeas actions:

a. Cause No. 14722, State v. Sexton, Palo Pinto County, Texas;

b. Cause No. 14722-A, Ex parte Sexton, Palo Pinto County, Texas;

c. Cause No. 14813, State v. Sexton, Chambers County, Texas;

d. Cause No. 14813-A, Ex parte Sexton, Chambers County, Texas;

e. Cause No. 13388, State v. Sexton, Chambers County, Texas;

f. Cause No. 13388-A, Ex parte Sexton, Chambers County, Texas;

g. Cause No. 13389, State v. Sexton, Chambers County, Texas; and

h. Cause No. 13389-A, Ex parte Sexton, Chambers County, Texas.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays the honorable District Court grants his request herein for and does take Judicial Notice of all records of the above-referenced criminal and habeas actions. Defendant prays for general relief.

Respectfully submitted,

James Audie Sexton
TDCJ No. 1787503
F.M. Robertson Unit
12071 FM 3522
Abilene, TX 79601

Defendant/Movant, pro se



Palo Pinto County District Clerk
Courthouse
P.O. Box 189
Palo Pinto, Texas 76484-0340

December 17th, 2014

RE: Trial Cause No. 14722, State vs. Sexton

Dear Clerk,

Please find enclosed for filing in the above-styled and numbered cause the following original documents:

- DEFENDANT'S FIRST MOTION FOR APPOINTMENT OF COUNSEL FOR HABEAS CORPUS;

- DECLARATION OF INABILITY TO PAY COSTS; and

- REQUEST FOR JUDICIAL NOTICE.

By copy of this letter, I am forwarding a copy of same to the opposing party at the address listed below.

Please file and submit the above papers to the District Court at your soonest opportunity for hearing and disposition.

Thank you for your time and kind assistance in this matter.

Sincerely,


James Audie Sexton
TDCJ No. 1787503
F.M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Defendant/Movant, pro se

JAS / file
encl.

cc:

5-12-2015

Palo Pinto County
District Clerk
P.O. Box 189
Palo Pinto, TX.
76484-0189

Re: Cause # 14722



I am writing to inquire about the status of my motion for appointment of counsel for Habeas Corpus. (Mailed thru Law Library 12-17-2014)

I've contended from the beginning the blood draw used against me and unchallenged by my court appointed counsel was illegally obtained without a warrant. The recent rulings by the 6th Court of Appeals, Criminal Court of Appeals of Texas and U.S. Supreme Court make this abundantly clear.

\* Re: 1. Cole v. State, 2014 Tex. App. Lexis 13498 Sixth Ct. Texarkana (Dec. 18, 2014)

2. State v. Villareal, PD-306-14, 2014 Tex Crim. App. Lexis 1898

3. Missouri v. Mc Neely, 133 S. Ct 1552, 185 L Ed. 2d 696 (2013)

Please respond to my motion as soon as possible as I plan to prepare a Writ of Mandamus in the near future.

Respectfully,
James Sexton

James Sexton
T.D.C. # 1787503
Robertson Unit
12071 F.M. 3522
Abilene, TX.
79601

\* P.S. There are many other cases in support of my claim.

Denied
5/18/15

FILED
MAY 18 2015
JANIE GLOVER
DIST. CLERK, PALO PINTO, TEXAS
AT_____ 1:30 PM/AM

5-22-2015

Palo Pinto County, District Clerk,

     Please present my Motion for Appointment of Counsel to prepare Writ of Habeas Corpus to the Court for a proper ruling.

     The motion was posted to your office and the District Attorney's office through the Law Library here on 12-17-2014.

     Your response to my correspondence of 5-15-2015, as to the status of the Motion was meaningless and not proper procedure.

Respectfully,

James Sexton

James Sexton
T.D.C.J.# 1787503
Robertson Unit
12071 F.M. 3522
Abilene, TX
79601

cc/ CCA, file

Supporting Decisions (so far)

~~Aviles~~
Missouri v. M<sup>c</sup>Neely 133 S.CT. 1552. 185 L Ed. 2d 696 (2013)
Reeder v. State   2014 TexApp. Lexis 4558
Cole v. State      2014 Tex App Lexis 13498
Villareal v. State 2014 Tex App Lexis 1898
Weems v. State 2014 Tex App Lexis 5109
Sutherland v. State 2014 Tex App Lexis 3694
Douds v. State   2014 Tex App Lexis 6152
Holidy v. State  2014 TexApp Lexis 4621
Smith v. State 2014 Tex App Lexis 12372
~~And~~ There are more ...

By vacating and remanding Aviles, it would seem the United States Supreme Court has rejected any position that would treat Section 724.012 (b)(3)(B) as an exception to the Fourth Amendment seperate and apart,

Respectfully
James Sexton